UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN BARNHOUSE,<br><br>                Plaintiff,<br><br>    v.<br><br>STEVE RICHMOND et al.,<br><br>                Defendants. | CASE NO. C13-5796 RBL-JRC<br><br>REPORT AND RECOMMENDATION TO DENY IN FORMA APUPERIS STATUS<br><br>NOTED FOR JANUARY 17, 2014 |

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

       Plaintiff started this action on September 10, 2013, when he filed a motion to proceed in forma pauperis (ECF No. 1). Plaintiff was in custody at the Jefferson County jail when he filed the motion (ECF No. 1). Over the course of three months, plaintiff has failed to cure the defects in his original motion and plaintiff's complaint is still a proposed complaint (ECF No. 1).

       The Clerk's Office sent plaintiff a letter outlining the defects in his application to proceed in forma pauperis on September 12, 2013 (ECF No. 2). The county jail returned the letter on

September 23, 2013 because plaintiff was no longer at the county jail. Plaintiff did not send the Court an updated address as required by Local Rule 41(b)(2). On November 19, 2013 plaintiff called the Court and gave the Clerk's Office a new address by telephone. The entry in the docket states that plaintiff "was instructed to notify the court in writing of his new address in all cases." Plaintiff has failed to enter any document in this action that updates his address.

On December 17, 2013, plaintiff again contacted the Court by telephone and asked that the Court re-send all documents. Plaintiff alleges that he has not received any documents since his release from jail.

Plaintiff was instructed to file a change of address with the Court, and plaintiff has not done so. The Court has tried repeatedly to have plaintiff cure the defects that were in his original motion, and plaintiff has not done so. This case is now just over three months old and the Court is still not in a position to address plaintiff's motion to proceed in forma pauperis on the merits.

The District Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Plaintiff has failed to complete a proper application to proceed in forma pauperis and this case has languished for a number of months as a result. Further, plaintiff has failed to comply with Local Rule 41(b)(2) because he has not informed the Court in writing of his new address.

The Court recommends denying plaintiff's motion to proceed in forma pauperis. The Court also recommends giving plaintiff thirty days from entry of the order denying his application to pay the full three hundred and fifty dollar filing fee. The Court further

1 | recommends that if plaintiff fails to pay the filing fee the Court dismiss this action without
2 | prejudice for failure to comply with a court order and failure to prosecute.
3 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
6 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
7 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
8 | January 17, 2014, as noted in the caption.
9 | Dated this 24th day of December, 2013.

J. Richard Creatura
United States Magistrate Judge